James DANIELS, Appellant,

v.

STATE of Alaska, Appellee.

No. 3568.

Supreme Court of Alaska.

Sept. 22, 1978.

**48**

Robert Coats, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Dist. Atty., Fairbanks, Harry L. Davis, Dist. Atty., and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

1. AS 12.55.120(a).

2. AS 17.10.010.

## OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

CONNOR, Justice.

Appellant James Daniels appeals his sentence [1] of four years, for possession of heroin.[2] Two years of the sentence are to be served concurrent with, and two years are to be served consecutive to, a prior term.

Daniels is a 48 year old laborer who has been addicted to heroin for over 20 years. This is his third narcotics violation. He has no other criminal record.

In December of 1975, when urine tests revealed drug use, Daniels' probation from a 1972 narcotics violation was revoked and he was sentenced to a seven year term of imprisonment. He did not appeal.

A few weeks later, while Daniels was in custody at the Fairbanks Correctional Center, a correctional officer saw Daniels holding a spoon containing a brown powdery substance. A search revealed two "slips" of heroin and some narcotics paraphernalia. Judgment was entered against Daniels upon his plea of guilty to possession of a narcotic drug in violation of AS 17.10.010. He was sentenced to twenty years imprisonment, the mandatory minimum term for a third narcotics offense under AS 17.10.-200(a). However, the sentencing court ordered that "upon successful completion of a two-year program at Family House" [3], Daniels' twenty year term would be suspended and he would be placed on probation for that period. The court warned Daniels that he faced a substantial sentence if he did not complete the Family House program: .

"As I understand . . . the people from Family House . . . have stated . . . that a person needs to have a considerable incentive to complete the program. And one of those is a rather heavy sentence . . . [s]o, I'm providing that incentive from the court."

3. Family House is a highly structured program designed to treat drug abusers.

Daniels replied that he understood the consequences of failure to comply with the condition imposed upon the suspension of his sentence.[4]

The Division of Corrections classified Daniels to Family House. After six months, Daniels requested that he be returned to jail because he found the program to be nontherapeutic. The court, upon a petition by the state, issued an order revoking Daniels' probation for failure to abide by the condition that he spend two years at Family House. Daniels was remanded to custody to serve the twenty year term previously pronounced. A notice of sentence appeal was then filed.

Shortly thereafter, we issued an opinion in *Huff v. State*, 568 P.2d 1014 (Alaska 1977), which discussed the criteria the sentencing court should employ in sentencing drug addicts. Upon a defense motion, we remanded Daniels' appeal for reconsideration in light of *Huff v. State, supra.* A hearing followed in the superior court and Daniels' sentence was modified to four years incarceration, two concurrent and two consecutive to the prior seven year term on the original probation revocation. Daniels now appeals this modification of his sentence.

■ Daniels first contends that the sentencing court erred in not ordering Daniels to complete treatment at Future House, another drug treatment center. We will not automatically reverse a sentence because a drug addict is not placed in a drug rehabilitation program. *Johnson v. State*, 580 P.2d 700, 703 (Alaska 1978); *Parks v. State*, 571 P.2d 1003, 1005 (Alaska 1977); *Fox v. State*, 569 P.2d 1335, 1337–38 (Alaska 1977). Daniels voluntarily relinquished the opportunity to participate in Family House despite the sentencing court's admonition that failure to complete the program would result in a lengthy prison term.[5] *See Huff v. State, supra*, at 1018. While we do not depreciate the importance of rehabilita-

tion and drug therapy for addicts, we cannot say that the court erred in not ordering Daniels to undergo treatment at Future House.

■ Daniels next alleges error in the imposition of a term consecutive with his prior seven year sentence. Daniels claims that he agreed not to appeal the seven year term in exchange for the state's non-opposition to his placement at Family House for the subsequent offense. Therefore, he argues, "the sentence imposed upon him should not have increased the seven year sentence imposed upon him" in the earlier revocation. Daniels' contention is devoid of merit.

The sentences imposed, seven years for the revocation of his probation originally imposed in 1972 and four years for the current offense, stem from two wholly distinct offenses. Daniels does not, nor could he, allege that the state failed to keep its agreement. The state did not oppose Family House placement at the sentencing hearing on the instant offense. Therefore, we cannot accept Daniels' contention that the sentencing court, in imposing sentence on a different offense, should have been restricted to a term concurrent with Daniels' other seven year term.

It was entirely proper for the sentencing court to impose a consecutive term in order to provide an additional sanction for the subsequent offense. *See State v. Wortham*, 537 P.2d 1117, 1121 (Alaska 1975). In light of the sentencing considerations set forth in *State v. Chaney*, 477 P.2d 441 (Alaska 1970) and *Huff v. State, supra*, we hold that the four year sentence imposed on appellant Daniels was not "clearly mistaken."

AFFIRMED.

---

4. This sentence was to be concurrent with Daniels' prior seven year term on the probation revocation.

5. We note also that Daniels has unsuccessfully participated in four other drug treatment programs.