Thomas **NELSON**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 4098.

Supreme Court of Alaska.

Jan. 9, 1981.

---

Jim Douglas, Offices of Fred J. Baxter, Juneau, for appellant.

William L. Mackey, Dist. Atty., Kodiak, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CON-NOR, BOOCHEVER, BURKE and MAT-THEWS, JJ.*

## OPINION

MATTHEWS, Justice.

Thomas Nelson entered a plea of guilty to a charge of burglary not in a dwelling. The charges concerned a drinking bout by Nelson and two friends which culminated in a break in at a pharmacy. Some drugs and petty cash were taken; the trio was apprehended on the scene at about 10:30 o'clock at night after a "prowler" call to the Kodiak Police Department.

Nelson was initially sentenced to serve five years in prison, which is the maximum for the charge. The sentence was suspended and he was placed on probation for five years. Probation was to expire on November 2, 1981.

As part of the conditions of probation, he was admitted to an alcoholism program as an inpatient on November 2, 1976. On December 23, 1976, he was released to outpatient status, which lasted two more months. In July, 1977, he pled guilty to an OMVI charge; in August, he was accused of breaking and entering a residence, but evidently no charges were filed.

About this time, Nelson and his wife were obtaining counselling at a local mental health clinic, and he appeared to be making progress there. A petition to revoke probation based on his drinking and the alleged unauthorized entry was filed, but before a hearing was held Nelson left town. Apparently, after leaving Kodiak, Nelson went to Washington state, then took a job in a cannery at Sand Point, Alaska. Eventually, Nelson turned himself in to the authorities in February, 1978; in April, he admitted to three counts of the petition to revoke probation.[1]

Pending reimposition of sentence, Nelson was placed in an Anchorage rehabilitative facility. On May 9, 1978, after a month there, he went AWOL, got drunk, and was arrested for malicious destruction by local police.

On May 12, 1978, a probation revocation hearing was held in Kodiak. The court at the hearing expressed concern that the initial five-year sentence might have been overly severe. The court therefore ordered Nelson imprisoned for three years and denied eligibility for parole. This appeal followed.

When Nelson was originally sentenced to serve five years in prison for the crime of burglary not in a dwelling the court did not mention parole eligibility. Nelson, by operation of law, would have been eligible for parole after serving one-third of the five year period of confinement. AS 33.15.080; AS 33.15.230. Execution of Nelson's sentence was suspended pursuant to AS 12.55.-080 and Nelson was placed on probation. Another statute, AS 33.05.070(b), provided that if Nelson's probation were revoked he could be required to serve the sentence imposed, "or any lesser sentence...."[2] Nel-

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. After his return from Sand Point, the petition to revoke probation was amended to include two counts based on the unauthorized departure and failure to check in with his probation officer. Nelson admitted these violations and the drinking, but did not admit committing the crime.

2. AS 33.05.070(b) provides:
   (b) As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

son's probation was revoked and, while he was given a shorter term to serve, three years, his eligibility for parole date was extended from 1.67 years under the original sentence to three years under the revocation order.

An increase in the minimum period of incarceration required before becoming eligible for parole is an increase in the sentence. *Shagloak v. State*, 582 P.2d 1034, 1036–38 (Alaska 1978); *Faulkner v. State*, 445 P.2d 815, 819 (Alaska 1968). When Nelson was originally sentenced he was in jeopardy in the constitutional sense. Thereafter, the prohibition of the fifth amendment of the United States Constitution against double jeopardy prevented any amendment to his sentence which had the effect of increasing it. *Shagloak v. State*, 582 P.2d 1034, 1037 (Alaska 1978); *Faulkner v. State*, 445 P.2d 815, 820 (Alaska 1968). The revocation order increased the minimum period that Nelson must spend in jail from 1.67 years to 3 years and to that extent violated his double jeopardy rights. Moreover, the increase also violated the command of AS 33.05.070(b) that the court upon revocation of probation may order the defendant to serve the sentence originally imposed, or a lesser sentence, but not a greater one.

The case is remanded for imposition of all or a portion of the sentence originally imposed and suspended.[3]

BOOCHEVER, Justice, dissenting, with whom BURKE, Justice, joins.

I respectfully dissent and would affirm the sentence imposed. The majority holds that the denial of parole eligibility constituted an increase in Nelson's sentence, placing him in double jeopardy in violation of the Alaska and the United States Constitutions.[1] Reliance is placed on *Faulkner .v. State*, 445 P.2d 815, 819–20 (Alaska 1968). *Faulkner*, however, is not in point. In that case a sentence to serve a period of years was imposed on May 11, 1967, without placing any restrictions on eligibility for parole. Under the statute applicable at that time, the defendant was eligible for parole at any time.[2] When, on June 29, 1967, a hearing was held on a motion to reduce the sentence, the court ordered that Faulkner not be eligible for parole until five years were served. We held that this constituted an impermissible increase in the sentence.

Here, in contrast, Nelson was initially given a five-year suspended sentence. He was placed on notice that if he violated his probation he could be sentenced to serve up to five years' imprisonment.[3] The possibility that the court would exercise its discretion as to whether to limit eligibility for parole was implicit in the imposition of the suspended sentence. Thus, when probation was revoked and a sentence of three years without eligibility for parole was imposed, it was within the range of the sentence imposed at the time he was placed on probation.[4] There was thus no increase in sentence placing Nelson in double jeopardy.[5]

3. We express no opinion on whether the initial five-year sentence was excessive, nor as to whether reimposition of the entire amount at this time would be proper. The trial court may find it useful, in determining an appropriate disposition on remand, to refer to the ABA Standards Relating to Probation, § 5.1 (Approved Draft 1970), particularly to the references provided in the Commentary at 51–58. *See generally Gilligan v. State*, 560 P.2d 17 (Alaska 1977); *Martin v. State*, 517 P.2d 1399, 1403 (Alaska 1974).

1. U.S.Const., amend. V; Alaska Const., Art. I, § 9.

2. *See* former AS 33.15.180.

3. Although I do not consider it dispositive, the court advised Nelson that if he violated the terms of probation he would be "staring 5 years in the face and there will not be any deviation from that in any way."

4. It would be unreasonable to require a trial court to set a defendant's eligibility for parole at the time it ordered a suspended sentence. That determination should be made only when it is clear that the defendant will be required to serve a term of imprisonment. It is only then that a rational determination of probable fitness for parole can be made.

5. *Cf. Shagloak v. State*, 582 P.2d 1034 (Alaska 1978) (sentence increased where court changed a recommendation that parole not be granted

In view of Nelson's past record,[6] his failure to abide by the conditions of his probation, his fleeing the jurisdiction, his unauthorized departure from the Anchorage rehabilitation facility and malicious destruction of property while awaiting reimposition of sentence, I do not believe that the trial judge was clearly mistaken in imposing the sentence.[7] I also would find that the judge properly considered the *Chaney* criteria.[8]

for 5 years to an order that it not be granted for 5 years); *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971) (sentence increased from 5 years to 10 years).

6. Nelson has been convicted of two other felonies, burglary, and auto theft. He has also been convicted of numerous misdemeanors, including possession of marijuana, loitering while carrying a knife, drunk driving, unauthorized entry, escape, and disorderly conduct.

7. *State v. Chaney*, 477 P.2d 441 (Alaska 1970).

