**Clifford NUKAPIGAK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5820.**

Court of Appeals of Alaska.

May 21, 1982.

---

James H. Cannon, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Bill D. Murphree, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Clifford Nukapigak appeals from the sentences imposed following his conviction on three counts of first degree murder and one count each of kidnapping and sexual assault in the first degree. The offenses can be described briefly as follows: On August 17, 1980, considerable drinking occurred in the village of Point Lay. Among the drinkers were Clifford Nukapigak and his sixteen-year-old stepdaughter, Julia Tukrook. Nukapigak became upset at seeing Julia drunk and in the company of her boyfriend, Warren Harding Neakok, a young man for whom he had had a longstanding dislike because of Neakok's relation with Julia. At some point in the evening, Nukapigak returned to his home, followed by Julia. Neakok and two other village residents then came to the house to get Julia, planning to take her with them by boat to another part of the village. As Neakok, Julia, and the others prepared to board the boat, Nukapigak came out of his house on the bluff overlooking the beach and fired

four shots at the people on the beach below. Julia and Neakok were killed. Nukapigak then came down to the beach with his gun and forced one of the women present to accompany him to his house where he raped and strangled her.

Nukapigak turned himself in to the authorities the next morning. He was tried and convicted of three counts of first degree murder, AS 11.41.100(a)(1), one count of kidnapping, AS 11.41.300(a)(1)(E), and one count of sexual assault in the first degree, AS 11.41.410(a)(2). Nukapigak received three consecutive maximum ninety-nine-year life sentences for the murders and sentences of thirty years and twenty years for the kidnapping and sexual assault, respectively, to be served consecutively to each other and concurrently with the third ninety-nine-year sentence.

■ Nukapigak argues that a sentence which essentially condemns him to a lifetime of incarceration without any possibility of parole is excessive.[1] Certainly a strong argument can be made that after a person has served a long term of imprisonment, parole authorities are in a better position than the sentencing judge to determine how dangerous a person is and whether he is suitable for release from imprisonment. We would agree that a sentence which provides for a lifetime of imprisonment without any possibility of parole should be imposed only in an exceptional case. However, the record supports Judge Blair's conclusion that this case is the exceptional case.

Nukapigak was formerly convicted in 1973 and 1974 for assaults on his wife. In 1974 he was convicted of possession of a firearm while intoxicated. In 1975 Nukapigak was convicted of rape and assault charges arising out of an incident in which Nukapigak repeatedly raped a woman and then cut her around and inside the vaginal area with a sharp object. *Nukapigak v. State*, 562 P.2d 697 (Alaska 1977), *aff'd on rehearing*, 576 P.2d 982 (Alaska 1978). Nukapigak received a sentence of six years on the rape charge concurrent with three years on the assault charge. After serving over five years Nukapigak was mandatorily released in February 1980, pursuant to AS 33.20.040 which provides for the unconditional release of prisoners who have served their sentence, less good time, if there remains less than 180 days to serve.

Judge Blair concluded that the current offenses were of maximum seriousness. Given the unprovoked and continuing nature of Nukapigak's attacks, this conclusion seems more than justified. Judge Blair also concluded that Nukapigak was a particularly dangerous offender and the worst type of offender in his class. These conclusions are supported by the record, and in reliance thereon, we conclude that Judge Blair was not clearly mistaken in imposing a sentence on the murder charges which, in effect, will incarcerate Nukapigak for his life without any possibility of parole.[2]

■ Nukapigak's second point on appeal concerns his twenty-year sentence for sexual assault.[3] We must remand for resentenc-

1. Theoretically, Nukapigak is eligible for parole after 99 years, one-third of his total sentence. AS 33.15.080. With concurrent sentences he would be eligible after 33 years unless the judge fixed a later eligibility date. AS 33.15.230(a). No matter what his sentence, he would have to serve at least 20 years. AS 12.55.125(f), 33.15.180(b).

2. Chief Judge Bryner and Judge Singleton believe that sentences in excess of 99 years should not be imposed. They feel that sentences in excess of 99 years are unrealistic and tend to undermine the credibility of the sentence. The majority of the court therefore concludes that it would be preferable in future cases to impose a maximum sentence of 99

years, limiting parole as necessary under the authority of AS 33.15.230(a). Chief Judge Bryner and Judge Singleton agree, however, that the sentence in the instant case need not be modified since imposing concurrent 99-year terms and restricting Nukapigak's eligibility for parole might be interpreted as an increase in the original sentence. *Nelson v. State*, 617 P.2d 502 (Alaska 1981).

Judge Coats believes that the appellate court should not interfere with the trial court's discretion to impose a legal sentence unless that sentence is clearly mistaken.

3. Even though the sentence is concurrent to a much longer sentence, the defendant is entitled to review and relief from an illegal or improper

ing on this count because we find that the sentence contravenes the new criminal code.

As a second felony offender, Nukapigak's sentencing on the sexual assault conviction was governed by AS 12.55.125(c)(2), which provides for a presumptive sentence of 10 years. This sentence may be increased or decreased only if the sentencing judge finds aggravating or mitigating factors in accordance with AS 12.55.155(f). This section provides:

> If the state seeks to establish a factor in aggravation at sentencing... written notice must be served on the opposing party and filed with the court not later than 10 days before the date set for imposition of sentence. Factors... must be established by clear and convincing evidence before the court sitting without a jury. All findings must be set out with specificity.

In this case, the state made no reference to aggravating factors, either before or at the sentencing, and the judge did not refer to statutory aggravating factors or make specific findings in accordance with AS 12.55.155(f).

On appeal the state argues that the presentence report prepared by the probation office satisfied the state's obligation under AS 12.55.155(f), pointing out that "that document is replete with numerous references to the appellant's behavior as applies to the crime charged in count V" and that the "probation officer's report was set down in writing and served on the opposing party." The state also contends that the judge's sentencing remarks sufficed to meet the requirement that the court enter specific findings with respect to aggravating factors.

■ We cannot accept the state's attempt to turn the presentence report into the state's required notification of alleged aggravating factors. First, the presentence report does not refer to specific aggravating factors and, hence, it does not give the defendant adequate notice of the "charge" against which he must defend. *See generally Whitton v. State*, 479

*ally Burrell v. State*, 626 P.2d 1087 (Alaska App. 1981). Second, the role of the probation office is seriously distorted if it becomes the "opposing party" to the defendant. Criminal Rule 32(c)(2) clearly envisions the probation office as separate from either the defense or the prosecution. If the probation officer were to function as a branch of the prosecution even for the limited purpose of satisfying AS 12.55.155(f), defendants might be less likely to cooperate, and the goal of providing the sentencing judge with as much reliable information on the defendant as possible would be frustrated.

■ Further, we do not find that the judge's generalized sentencing remarks satisfy the requirement of AS 12.55.155(f) that findings on factors in aggravation be set out with specificity. In *Juneby v. State*, 641 P.2d 823, 846 (Alaska App. 1982), decided after the sentencing in this case, we listed the specific information which judges must include in the record in order to satisfy the specificity requirement of AS 12.55.155(f):

> (1) [T]he specific factors in aggravation and in mitigation found to have been established by clear and convincing evidence; (2) the evidence upon which the court has relied in finding the existence of aggravating or mitigating factors; (3) an explanation of the weight given by the court to each aggravating or mitigating factor, and the relative importance of each factor in comparison with other aggravating or mitigating factors established; and (4) an evaluation of the totality of the aggravating and mitigating factors in light of the *Chaney* criteria, as expressed in AS 12.55.005, in order to determine the amount by which the presumptive sentence for the particular offense should be adjusted. [Footnote omitted.]

The remarks in this case were plainly inadequate under this standard.

Because the requirements of AS 12.55.155(f) were not met, we must remand for

sentence. *See generally Whitton v. State*, 479    P.2d 302, 314 (Alaska 1970).

resentencing on the sexual assault count. We express no opinion at this time on the excessiveness of the twenty-year sentence, but we direct the court's attention, again, to *Juneby*, where we indicated that the presumptive sentence is the term of imprisonment to which the average defendant convicted of an offense should be sentenced and recommended "a restrained approach toward adjustment of presumptive sentences for both aggravating and mitigating factors." *Juneby v. State*, 641 P.2d at 847.

Nukapigak's sentences are AFFIRMED with the exception of the sentence for sexual assault. That sentence is REVERSED and the case is REMANDED for further proceedings in accordance with this opinion.