Clifford NUKAPIGAK, Appellant,

v.

STATE of Alaska, Appellee.

No. 5820.

Supreme Court of Alaska.

May 13, 1983.

**944**

Mary E. Greene, Asst. Public Defender, Fairbanks, Dana Fabe, Public Defender, Anchorage, for appellant.

Harry L. Davis, Dist. Atty., Bill D. Murphree, Asst. Dist. Atty., Fairbanks, Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and MOORE, Judge.*

## OPINION

BURKE, Chief Justice.

On August 17, 1980, Clifford Nukagpigak shot and killed his teen-aged stepdaughter and her boyfriend. He forced a second woman into his cabin where he raped her, beat her with a hammer, and strangled her. He was convicted on three counts of murder in the first degree, one count of kidnapping, and one count of sexual assault in the first degree.

Superior Court Judge James R. Blair sentenced Nukapigak to three consecutive ninety-nine year terms on the first degree murder convictions. Sentences of thirty years on the kidnapping conviction and twenty years on the sexual assault conviction were to run consecutive to each other

and concurrent with the third ninety-nine year sentence.

The Court of Appeals affirmed all of the sentences except the one imposed for sexual assault. *Nukapigak v. State,* 645 P.2d 215, 219 (Alaska 1982). However, in footnote 2 the Court of Appeals wrote:

> Chief Judge Bryner and Judge Singleton believe that sentences in excess of 99 years should not be imposed. They feel that sentences in excess of 99 years are unrealistic and tend to undermine the credibility of the sentence. The majority of the court therefore concludes that it would be preferable in future cases to impose a maximum sentence of 99 years, limiting parole as necessary under the authority of AS 33.15.230(a). Chief Judge Bryner and Judge Singleton agree, however, that the sentence in the instant case need not be modified since imposing concurrent 99-year terms and restricting Nukapigak's eligibility for parole might be interpreted as an increase in the original sentence. *Nelson v. State,* 617 P.2d 502 (Alaska 1981).
>
> Judge Coats believes that the appellate court should not interfere with the trial court's discretion to impose a legal sentence unless that sentence is clearly mistaken.

*Id.* at 217 n. 2.

We granted Nukapigak's petition for hearing, limited to the question whether ninety-nine years should be established as the maximum sentence which may be imposed regardless of the crime or crimes committed and attendant circumstances. The Court of Appeals' dicta is in direct conflict with statutorily authorized sentences for multiple counts of first degree murder, and we believe it is necessary to resolve this conflict for the guidance of sentencing courts. Recognizing that few questions compel the grave examination of law and policy as the one before us, we hold that sentences in excess of ninety-nine years are not *per se* excessive.

---

* Moore, Superior Court Judge, sitting by assignment made pursuant to Article IV, Section 16 of the Constitution of Alaska.

First degree murder is punishable by at least twenty but not more than ninety-nine years of imprisonment. AS 12.55.125(a). In cases of multiple deaths, each death constitutes a separately punishable offense. AS 11.41.135. At the time Nukapigak committed these crimes the legislature had provided that "any sentences of imprisonment may run concurrently or consecutively, as the court provides." AS 12.55.025(e).[1] Although consecutive ninety-nine year sentences have not previously come before this court, we have affirmed consecutive sentences where an offender has committed acts of violence harming more than one person. *Mutschler v. State,* 560 P.2d 377 (Alaska 1977); *Burleson v. State,* 543 P.2d 1195 (Alaska 1975).

The legislature has thus authorized sentencing courts to impose consecutive ninety-nine year sentences where an offender commits multiple first degree murder, and this authority has been impliedly sanctioned by this court.

■ In *State v. Chaney,* 477 P.2d 441 (Alaska 1970), we identified five sentencing objectives which must be considered in carrying out the constitutional mandate that "[p]enal administration shall be based on the principle of reformation and upon the need for protecting the public." Alaska Constitution, Art. I § 12. The sentencing objectives are rehabilitation of the offender, isolation of the offender from society, deterrence of the offender after release, deterrence of other members of the community, and "reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves." *State v. Chaney,* 477 P.2d at 444. *See also* AS 12.55.005. The priority and relative weights of these criteria are left to the discretion of the sentencing judge. *Bailey v. State,* 548 P.2d 373, 375 (Alaska 1976); *McClain v. State,* 519 P.2d 811, 813 (Alaska 1974); *Asitonia v. State,* 508 P.2d 1023, 1026 (Alaska 1973); *Hawley v. State,* 648 P.2d 1035, 1038 (Alaska App.1982).

■ Where the sentencing court has duly considered the offender's background and determined that the offender has no potential for rehabilitation within the time constraints of the penalty provided for a particular offense, the court need not fashion a sentence which provides for rehabilitation. *Bell v. State,* 598 P.2d 908, 916 (Alaska 1979). If the offender poses a serious threat to society, consecutive sentences do not conflict with *ABA Standards, Relating to Sentencing Alternatives and Procedures* § 3.4 (Approved Draft 1968),[2] which we approved in principle in *Cleary v. State,* 548 P.2d 952, 956 (Alaska 1976).

Nukapigak had prior convictions for assaults on his wife and for rape and assault on another woman. He is a chronic alcoholic who becomes a danger to the people around him whenever he drinks. Judge Blair determined that Nukapigak was the worst type of offender in his class, *see State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975), and that, absent a magical cure for alcoholism, there was no way of assuring

1. AS 12.55.025(e) was amended in 1982, and subsequently repealed, apparently as a result of a drafting error, in the same year. *See* House Journal Supplement No. 63, (dated June 1, 1982) page 18.

The 1982 amendment added subsection (g) which reads, in pertinent part:

If a defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentences of imprisonment may run concurrently if . . .

(5) the sentence is not for a violation of AS 11.41.100–11.41.470 . . .

Murder in the first degree, AS 11.41.100, kidnapping, AS 11:41.300, and sexual assault in the first degree, AS 11.41.410, all fall into the exceptions of AS 12.55.025(g)(5), and by impli-

cation, sentences of imprisonment may not run concurrently where a defendant has been convicted of two or more of these crimes.

The amendments to AS 12.55.025, however, do not affect the result of this case.

2. *ABA Standards, Relating to Sentencing Alternatives and Procedures* § 3.4 (Approved Draft 1968) reads:

(iv) Imposition of a consecutive sentence should require the affirmative action of the sentencing court. The court should be authorized to impose a consecutive sentence only after finding that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.

that society would ever be safe if he were released from prison.

In *McClain v. State,* 519 P.2d 811, 813–814 (Alaska 1974), this court adopted the "clearly mistaken" test as the standard of review in sentence appeals. Given the heinous nature of Nukapigak's crimes and a record which is devoid of hope for his rehabilitation, we cannot say that consecutive ninety-nine year sentences are clearly mistaken. If a sentencing court has considered each of the *Chaney* criteria, as Judge Blair did in this case, the Alaska Constitution does not prohibit sentences which constitute, in effect, a lifetime of imprisonment without hope of parole. Until the legislature determines otherwise, consecutive ninety-nine year sentences are permissible, at the sentencing court's discretion, at least in exceptional cases such as this one.

CONNOR, J., not participating.