**Condrat KRUKOFF, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–183.**

Court of Appeals of Alaska.

July 5, 1985.

Tina Kobayashi and Susan Orlansky, Asst. Public Defenders, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

 Condrat Krukoff appeals his convictions on two counts of murder in the first degree. AS 11.41.100(a)(1). Krukoff argues that his rifle was illegally seized and should not have been admitted into evidence against him. He also appeals as excessive the consecutive ninety-nine year terms imposed by Superior Court Judge Seaborn J. Buckalew, Jr.[1] We affirm.

On December 27, 1982, Constable Jerry Covill was called to a house on St. Paul Island in which Condrat Krukoff resided with John Krukoff, Maxim Krukoff, and Patsy Melovidov. Covill observed the bodies of Maxim and John Krukoff in the upstairs bedrooms; both were dead. A bullet wound was visible in John Krukoff's head. When Covill entered, Patsy Melovidov was sitting at the kitchen table; Condrat Krukoff was not in the house.

Covill knew of at least three guns owned by the Krukoff brothers. Afraid that Condrat Krukoff might be armed, Covill searched the residence for the weapons, finding a rifle and a shotgun in the washroom and a sporting rifle in Condrat Krukoff's bedroom closet. Covill moved the weapons to the living room and left the house in search of Krukoff, who was arrested shortly thereafter. The weapons were seized the next day pursuant to a search warrant.

■ Krukoff was subsequently charged with the first-degree murder of his brothers. He moved to suppress the rifle that Covill found in his bedroom closet. Superior Court Judge Ralph E. Moody denied the motion, finding that Covill's search was not unreasonable under the circumstances. We agree. "[A] warrantless entry by criminal law enforcement officials may be legal when there is compelling need for official action and no time to secure a warrant."

---

1. In addition Krukoff contends that the trial court erred in instructing the jury that it must unanimously acquit him of first-degree murder before considering the lesser-included offense of second-degree murder. We have already rejected this argument in *Dresnek v. State,* 697 P.2d 1059 (Alaska App.1985) and *Nell v. State,* 642 P.2d 1361 (Alaska App.1982).

*Michigan v. Tyler*, 436 U.S. 499, 509, 98 S.Ct. 1942, 1949, 56 L.Ed.2d 486, 498 (1978).

 The three elements necessary to justify a warrantless search under the emergency aid doctrine are present here. *See Gallmeyer v. State*, 640 P.2d 837, 842 (Alaska App.1982) (applying the three-fold standard set forth in *People v. Mitchell*, 39 N.Y.2d 173, 383 N.Y.S.2d 246, 347 N.E.2d 607, 609, *cert. denied*, 426 U.S. 953, 96 S.Ct. 3178, 49 L.Ed.2d 1191 (1976)). The discovery of a double homicide presented an emergency situation. Covill's search of the immediate premises for the Krukoff weapons was motivated by a concern for the safety of himself and others—it was not an attempt to gather evidence but rather an attempt to determine whether Krukoff, the absent brother, was armed. The guns were located and moved to the living room. No evidence was seized as a consequence of the warrantless search.[2] Judge Moody did not err in denying Krukoff's pre-trial motion to suppress.

Krukoff was convicted of two counts of murder in the first degree. Judge Buckalew sentenced Krukoff to two consecutive terms of ninety-nine years. Krukoff appeals his aggregate sentence as excessive, contending that the sentencing court failed to make an affirmative finding that imposition of consecutive sentences was necessary to protect the public, *Lacquement v. State*, 644 P.2d 856 (Alaska App.1982), and that his sentence does not comport with approved sentences in comparable cases.

Judge Buckalew found that Krukoff was a most dangerous offender in that when Krukoff drank, he was extremely dangerous and totally unpredictable. Judge Buckalew concluded that no program could protect the community other than substantial confinement.

. Where the sentencing judge fails to make a formal finding of necessity to justify the imposition of consecutive sentences exceeding the maximum for a single count, reversal will not be required, provided that the need to isolate the accused for the protection of the public is clear from the record. *Neal v. State*, 628 P.2d 19, 21 (Alaska 1981). The record in this case supports Judge Buckalew's implicit conclusion that Krukoff "presents a risk of continued criminal conduct which would seriously threaten the public safety." *Id.* at 21. Krukoff was thirty-five years old at the time of sentencing and had a substantial criminal record, which included numerous felony and misdemeanor assaults. While all of Krukoff's criminal offenses appear to have been alcohol related, his drinking continued despite participation in an alcohol treatment program and five years' incarceration.

There is little to distinguish this case from *Nukapigak v. State*, 663 P.2d 943 (Alaska 1983), where the Alaska Supreme Court upheld a sentence of three consecutive ninety-nine year terms on first-degree murder convictions, stating: "there was no way of assuming that society would ever be safe if he were released from prison." *Id.* at 945–46. Given the circumstances of this case, we cannot say that a sentence of consecutive ninety-nine year terms is clearly mistaken. *Nukapigak*, 663 P.2d at 946; *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The conviction and sentence are AFFIRMED.

---

**2.** Krukoff's gun was seized the following day, after issuance of a warrant to search the house. This second search would doubtless have turned up Krukoff's gun, even if it had not been previously moved from the bedroom closet to the living room by Covill. *Cf. Nix v. Williams*, —— U.S. ——, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) (illegally obtained evidence admissible if it would have inevitably been discovered by lawful means); *State v. Butler*, 676 S.W.2d 809 (Mo.1984) (inevitable discovery as second legitimate basis, in addition to exigent circumstances, for admission of evidence seized following a warrantless search of bedroom where fatal shooting took place).