James Couch v. NH State Prison          CV-96-547-B    07/13/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>James Couch</u>

  v.         Civil No. 96-547-B

<u>Michael Cunningham, Warden</u>


O R D E R


  James Couch has filed a habeas corpus petition alleging that the State of New Hampshire revoked his probation and sentenced him to the maximum prison term permitted by law for his offense in violation of the Fifth Amendment's double jeopardy clause and his Fourteenth Amendment right to substantive due process.  The state now moves for summary judgment.  Because I determine that Couch's claims have no merit, I grant the state's motion.


I. <u>FACTS</u>

  Couch pleaded guilty to one count of felonious sexual assault on February 6, 1993, in Cheshire County Superior Court. Pursuant to his plea agreement, Couch was sentenced to 12 months

in the Cheshire County House of Corrections and five years of probation.[1] He also received a 2-to-4-year state prison sentence, which was deferred for one year following his release from the House of Corrections. The sentencing judgment provided that Couch could avoid the deferred sentence by demonstrating that it should not be imposed 30 days prior to the expiration of the deferral period. The judgment also specified that "violation of probation . . . may result in revocation of probation . . . and imposition of any sentence within the legal limits for the underlying offense." Finally, the sentence stated:

> If the defendant has served the House of Corrections sentence portion of one (1) year, he is to receive confinement credit as against the seven (7) year maximum sentence for a Class B Felony, but only if the defendant is resentenced on a Violation of Probation to a State prison maximum sentence in excess of six (6) years; that is: After the defendant has served his year in the House of Corrections and if he is resentenced on a Violation of Probation, the defendant's maximum outstanding sentence could be not more than six (6) years nor less than three (3) years in the New Hampshire State Prison, stand committed . . . .

Couch served 12 months in the Cheshire County House of Corrections. Upon release, he executed a probation contract

---

[1] Couch's sentence provided that "violation of probation . . . may result in revocation of probation . . . and imposition of any sentence within the legal limits for the underlying offense."

-2-

stating that he agreed to participate in and complete the Monadnock Family Services sex offender treatment program. Couch was subsequently denied admission to the Monadnock program. He was arrested, charged with violating his probation, and sentenced to 3-1/2 to 7 years in the state prison.[2]

With the assistance of counsel, Couch appealed to the New Hampshire Supreme Court, alleging that the superior court's determination that he violated probation was unsupported by the record. The supreme court affirmed the superior court's decision. Couch, acting pro se, subsequently filed a petition for a writ of habeas corpus in the Cheshire County Superior Court, alleging that the state breached his plea agreement and that his probation revocation sentence constituted a double jeopardy violation. The superior court denied Couch's petition and his motion for reconsideration, which also alleged due process violations based on the court's refusal to provide Couch with transcripts of his plea agreement.

Couch did not appeal the superior court's decision. Rather, he filed a petition for a writ of certiorari with the New Hampshire Supreme Court. The supreme court denied Couch's

_____

    [2] Couch received credit for 373 days served, which included his 12 months in the Cheshire County House of Corrections and pre-probation revocation hearing confinement.

-3-

petition on September 30, 1996.  Couch filed his petition for a writ of habeas corpus in this court on November 1, 1996.  He subsequently sought a stay of proceedings to seek counsel and, with the assistance of counsel, filed the amended petition now before me.

## II.    DISCUSSION

### A.    Double Jeopardy

Couch argues that the trial court's decision to revoke his probation and sentence him to the maximum prison term permitted by law for his offense rather than imposing the deferred 2-to-4-year sentence violates his right to be free from double jeopardy. I disagree.  In United States v. DiFrancesco, 449 U.S. 117, 137 (1980), the Supreme Court stated in dictum that "there is no double jeopardy protection against the revocation of probation and the imposition of imprisonment."  Most recent

federal and state court decisions addressing facts similar to those at issue here have cited <u>DiFrancesco</u> in rejecting double jeopardy challenges. <u>See, e.g.</u>, <u>State v. White</u>, 131 N.H. 555, 585 (1989); <u>State v. McMullen</u>, 452 N.E.2d 1292, 1294 (Ohio 1983); <u>State v. Jones</u>, 418 N.W.2d 782, 785 (N.D. 1988); <u>State v. Griffith</u>, 787 S.W.2d 340, 341 (Tenn. 1990); <u>see</u> <u>generally</u>, 23 ALR 4th 883; <u>but</u> <u>see</u> <u>Nelson v. State</u>, 617 P.2d 502, 503 (Alaska 1981) (double jeopardy violated where state law did not allow for imposition of greater sentence after revocation and court imposed new sentence with a later parole eligibility date than the original deferred sentence).

The present case presents no unusual facts that would warrant a conclusion contrary to the general rule articulated in <u>DiFrancesco</u>. New Hampshire law authorizes a judge after revoking a defendant's probation to sentence the defendant to any term of imprisonment authorized by law. N.H. Rev. Stat. Ann. § 651:2 VII; <u>see</u> <u>State v. White</u>, 131 N.H. 555 (1989). Moreover, while the sentencing court in this case included a deferred 2-to-4-year sentence as a part of Couch's original sentence, it also specified in the sentencing judgment that Couch could receive a

sentence of up to 3-1/2 to 7 years if he violated the terms of his probation. Under these circumstances, Couch had no right to expect that the court would limit his sentence to 2 to 4 years if he violated his probation. Accordingly, Couch's sentence did not violate the Fifth Amendment's double jeopardy clause.

B.    **Substantive Due Process**

Couch argues that the state violated his right to substantive due process by revoking his probation based upon his failure to obtain admission to the Monadnock Family Services Sex Offender Program. I also reject this argument.

The state judge assigned to Couch's revocation proceeding conducted a lengthy evidentiary hearing before deciding to revoke his probation. Substantial evidence was produced at the hearing to warrant a conclusion that Couch violated his probation by failing to gain admission into the Monadnock program because (1) he failed to express remorse for his victims or accept responsibility for his criminal conduct; (2) he exhibited signs of having abused alcohol prior to two assessment sessions; and (3) he failed to complete a sexual assessment that was a prerequisite to admission into the program. Substantial evidence

was also produced to justify a conclusion that Couch was unlikely to successfully complete any other sex offender program, given his behavior and attitude concerning his offense. Finally, the record contains ample evidence to warrant a conclusion that Couch posed a substantial danger to society if he were allowed to remain on probation without successfully completing a sex offender program. This evidence provides ample justification for the trial court's decision to revoke Couch's probation and sentence him to the maximum prison term permitted by law for his offense. See State v. Kochvi, 140 N.H. 662, 666 (1996) (substantive due process not denied by revocation of probation for failing to participate in sex offender program); State v. Morrow, 492 N.W.2d 539, 546 (Minn. App. 1992) (same); State v. Nixon, 906 S.W.2d 369, 372 (Mo. 1995) (same); Davis v. Wright, 1989 WL 131262, at *3 (D. Or. 1989) (same).

## III.    CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is granted.[3]

---

[3] Because the state is entitled to summary judgment on the merits, I do not reach its claims that relief is barred because Couch failed to exhaust his state court remedies and independent and adequate state law grounds support the state supreme court's rejection of his claims.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 13, 1999

cc: Scott F. Johnson, Esq.
    Michael Delaney, Esq.