Frank DOWNEY, Appellant,

v.

STATE of Alaska, Appellee.

No. 3388.

Supreme Court of Alaska.

Oct. 28, 1977.

David C. Backstrom, Deputy Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for appellant.

Natalie K. Finn, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

PER CURIAM.

While serving consecutive sentences for the crimes of burglary not in a dwelling and escape (misdemeanor),[1] appellant Frank Downey escaped from the Division of Corrections' prison facility in Fairbanks. While at large, Downey took, without authorization, one of his former employer's vehicles. Eventually Downey was apprehended and brought to the Fairbanks Police Station. Shortly after his arrival, Downey again escaped. After his recapture, Downey entered a guilty plea to the crime of felony escape from the Fairbanks prison facility.[2] The superior court sentenced Downey to serve a term of imprisonment of two years. The sentence was made to run consecutively to the previously imposed sentences for burglary not in a dwelling and misdemeanor escape.

In this sentence appeal, appellant Downey complains that the superior court's imposition of a two-year sentence is excessive because of the superior court's failure to give appropriate weight to the factor of rehabilitation. At the sentencing hearing, counsel for appellant conceded the need for imposition of a consecutive sentence as to the crime of felony escape but argued that the length of any such term of incarceration should not exceed six months. Our review of the record in this matter has led us to the conclusion, under the principles of *State v. Chaney*, 477 P.2d 441 (Alaska 1970,

1. AS 11.30.090(2) provides:

A person who escapes or attempts to escape from the custody of a peace officer under a lawful arrest or from a jail or institution in which he is detained by a peace officer or confined by direction of a court in this state or from custody under process issued by a court in this state is punishable,

   .    .    .    .

(2) if the custody or confinement is for extradition, or by an arrest, or charge of, or conviction of a misdemeanor, by a fine of not more than $1,000, or imprisonment for not more than one year, or by both.

2. AS 11.30.090(1) provides:

A person who escapes or attempts to escape from the custody of a peace officer under a lawful arrest or from a jail or institution in which he is detained by a peace officer or confined by direction of a court in this state or from custody under process issued by a court in this state is punishable,

(1) if the custody or confinement is by an arrest on a charge of a felony, or conviction of a felony, by a fine of not more than $5,000, or by imprisonment for not less than one year nor more than three years, or by both.

and its progeny, that the superior court was not clearly mistaken in its conclusion that Downey should receive a consecutive two-year sentence.[3] Given Downey's criminal record,[4] which includes a prior conviction for escape, and his conduct while at large after the escape in question in this appeal, we think the superior court fashioned an appropriate sentence.

Affirmed.

---

3. Review of the sentencing proceedings clearly shows that the superior court was cognizant of the need to consider the factor of rehabilitation in reaching the sentence in question. The record further shows that the superior court determined that it could not accord paramount weight to this factor in view of appellant's record.

4. Downey had previously been convicted for burglary not in a dwelling (two separate convictions), larceny, misdemeanor escape and at least three additional misdemeanors.