**Donald A. MORGAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3179.**

Supreme Court of Alaska.

July 21, 1978.

Stephanie J. Cole and Saul R. Friedman, Rice, Hoppner & Hedland, Anchorage, for appellant.

Charles M. Merriner, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

RABINOWITZ, Justice.

This is an appeal from a sentence which was imposed by the superior court following Donald Morgan's pleas of guilty to the crimes of escape [1] and grand larceny.[2] Mor-

---

1. At the time of Morgan's escape, the applicable escape statute, AS 11.30.090(1) provided that:

 A person who escapes or attempts to escape from the custody of a peace officer under a lawful arrest or from a jail or institution in which he is detained by a peace officer or confined by direction of a court in this state is punishable,

 (1) if the custody or confinement is by an arrest on a charge of a felony, or conviction of a felony, by a fine of not more than $5,000, or by imprisonment for not less than one year nor more than three years, or by both
 . . . .

2. Concerning the crime of grand larceny, AS 11.20.140 provided, at the time in question that:

A person who steals money, goods, or chattels, or a government note, a bank note, promissory note, bill of exchange, bond, or other thing in action, or a book of accounts, order or certificate concerning money or goods due or to become due or to be delivered, or a deed or writing containing a conveyance of land or interest in land, or a bill of sale, or writing containing a conveyance of goods or chattels or interest in them, or any other valuable contract in force, or a receipt, release, or defeasance, or a writ, process, or public record, which is the property of another, is guilty of larceny. Upon conviction, if the property stolen exceeds $100 in value, a person guilty of larceny is punishable by imprisonment in the penitentiary for not less

gan received a sentence of three years imprisonment on the escape conviction and five years on the grand larceny conviction. The five year term was made to run consecutively to the escape term, which, in turn, was to run consecutively to the life sentence Morgan is serving for first degree murder. We affirm.

While serving a life sentence for first degree murder and a concurrent three year sentence for escape, Morgan escaped from the state jail facility in Anchorage. Morgan effected his escape by manipulating an electric lock and then breaking out a section of glass block wall. While in the Palmer area before his recapture, Morgan entered a cabin and stole a chain saw, a tape deck, a jacket, and a pair of leather boots.

In his statement to the author of the presentence report and through testimony presented at the sentencing hearing, Morgan claimed that he had to escape because of threats to his safety which were made by correctional officers as well as inmates. Regarding the grand larceny charge, Morgan claims that he was in dire need of drinking water and that after he had broken into the cabin and quenched his thirst, he took the items enumerated in the indictment.

Recently, we had occasion to refer in considerable detail to Morgan's rather extensive and dangerous history of antisocial conduct.[3] For purposes of this sentence appeal, we think it sufficient to note that at the time Morgan broke out of the Anchorage jail he was serving a life sentence for the felony murder of an Anchorage police officer and a concurrent three year sentence for escape.[4] In the course of confessing to the homicide, Morgan also confessed to the fact that he committed three armed robberies between the time of his escape and his apprehension subsequent to the slaying of the police officer.

In this sentence appeal, Morgan attacks the superior court's sentence on three grounds. First, he argues that the superior court erred in failing fully to explain the sentence imposed. Secondly, he contends that the superior court's imposition of a maximum sentence for the crime of escape was erroneous since he was not the worst type of offender. Lastly, Morgan takes the position that the sentence imposed is violative of what he refers to as the "multiple principles of penal administration" articulated in *State v. Chaney*, 477 P.2d 441 (Alaska 1970). More particularly, Morgan makes the argument that the sentencing court ignored the *Chaney* goal of rehabilitation of the offender.

██ We have concluded that each of these contentions should be rejected. At the close of the sentencing proceedings, the superior court articulated its reasons for the sentences imposed in the following manner:

> THE COURT: First, I'm convinced that—and for whatever reason, you're an extremely dangerous offender and I'm really not persuaded that the testimony I heard about the threats from the personnel in the jail facility—I don't think your escaping that institution had anything to do with those threats, if that was the message of the court—message to the court. I think I really have to consider some deterrent effect. I mean this is your second escape, and I'm not sentencing you for shooting Officer Flora, but it's certainly a consideration. I think it's proper for me to consider the robberies. Your method of escape was—appears to be fairly sophisticated and well thought out. I assume that at the time the larceny was committed, you weren't under the influence of heroin at that

than one nor more than 10 years. If the property stolen does not exceed $100 in value, the person, upon conviction, is punishable by imprisonment in a jail for not less than one month nor more than one year, or by a fine of not less than $25 nor more than $100.

**3.** *See Morgan v. State*, 582 P.2d 1017 (Alaska).

**4.** In 1975, Morgan, while being held on charges of armed robbery and burglary of a dwelling, escaped from custody and before being apprehended committed the crime of felony murder. *See Morgan v. State*, 582 P.2d 1017 (Alaska).

time. I come to the conclusion that you are in fact unpredictable. I don't know what your reaction would be in a given situation and as far as rehabilitation goes, maybe you can be rehabilitated and maybe you can't, I don't know, but I think you are a clear danger to the public. On the escape charge I'm going to sentence you to 3 years, 3 years to serve, this sentence to be consecutive to the life sentence. I'm going to sentence you to 5 years to serve on the larceny, that sentence to be consecutive with the escape charge, and that's the sentence of the court. All right, this court's adjourned.

Although the superior court's explanation of the reasons for its sentence is compressed, we believe it is sufficiently illuminating to meet the standards required of sentencing courts by *Andrews v. State*, 552 P.2d 150, 153–54 (Alaska 1976); *Perrin v. State*, 543 P.2d 413, 417–18 (Alaska 1975); and AS 12.55.075(a)(2). We think it apparent from the superior court's explanation that it gave significant weight to the following factors: Morgan's history of violent and dangerous conduct, the fact that this was Morgan's second escape, the need to deter inmates serving lengthy sentences from escaping, and the improbability of Morgan's rehabilitation.

■ Concerning Morgan's contention that imposition of a maximum sentence of three years for escape was unwarranted because he was not the worst type of offender, we think it clear that the record supports such a characterization of Morgan. This was Morgan's second escape. This circumstance, when considered with Morgan's prior course of dangerous antisocial behavior, and his conduct while at large after escape, warrants placing Morgan in the

worst type of offender category for purposes of sentencing as to the escape conviction. *State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975); *Galaktionoff v. State*, 486 P.2d 919, 924 (Alaska 1971); *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971).

■ Finally, we turn to Morgan's contention that the superior court ignored the sentencing goal of rehabilitation set forth in *Chaney* and Article I, Section 12 of the Alaska Constitution.[5] As noted previously, the superior court stated in part in passing sentence that "as far as rehabilitation goes, maybe you can be rehabilitated and maybe you can't, I don't know, but I think you are a clear danger to the public." At the sentencing hearing, the state relied on a report in which the psychiatrist concluded, in part, that:

> Donald Morgan has not responded to to rehabilitative measures or psychiatric treatment in the past nor can he be expected to respond to such treatment in the future.[6]

Given Morgan's past record and the psychiatric information which was available to the sentencing court, we cannot say the relatively slight weight accorded by the superior court to the goal of rehabilitation was inappropriate. We think the superior court sufficiently articulated its reasons for according primacy to the sentencing goals of deterrence and protection of the public through isolation of the offender over the goal of rehabilitation when dealing with offenders such as Morgan. Further, in our view, the record abundantly supports the trial court's ordering of sentencing priorities. Additionally, our independent review of the record has led us to conclude that the superior court was not clearly mistaken in imposing consecutive sentences of the

---

5. In *Chaney v. State*, 477 P.2d 441, 444 (Alaska 1970), we stated that among the multiple goals encompassed within the broad constitutional standards of sentencing was "the [objective] of rehabilitation of the offender into a noncriminal member of society." This goal is derived from the Alaska Constitution, which provides in Art. 1, Sec. 12 that "[p]enal administration shall be based on the principle of information and upon the need for protecting the public."

6. The report contained the following additional language:

> Statistically, this type of hard core sociopathic personality has a fair chance of becoming more mellow and less dangerous with age. Many such antisocial individuals give up their habitual criminal life styles when they reach about 40 years of age.

length it did.[7] In short, we hold that the sentences in question are not excessive.

Affirmed.

---

7. In *Mutschler v. State*, 560 P.2d 377, 379 (Alaska 1977), we stated:

> *Davenport v. State*, 543 P.2d 1204, 1209 (Alaska 1975) thus establishes that consecutive sentences may be imposed when separate offenses with separate intents are committed during a brief time interval in the course of one general transaction.

*See also Thomas v. State*, 566 P.2d 630, 634 (Alaska 1977). In this case, we are convinced that the sentencing court did not abuse its sentencing power by making these sentences consecutive since the grand larceny offense was a distinct offense requiring a specific intent distinguishable from the essential elements of the escape offense. Both the escape and grand larceny offenses were clearly separate from Morgan's previous escape and the resultant murder offense. Nor do we think the superior court was clearly mistaken in imposing a five year sentence for grand larceny. The sentence was half the maximum called for under AS 11.20.140. Given Morgan's previous record and the fact that he stole a tape deck and chain saw, items which were not necessary for survival, we conclude that the sentence imposed for grand larceny was not excessive.