Lannie Craig NEAL, Appellant,

v.

STATE of Alaska, Appellee.

No. 4787.

Supreme Court of Alaska.

May 8, 1981.

William F. Bulchis, Law Offices of Collins, Inc., Anchorage, for appellant.

James V. Gould, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE, and MATTHEWS, JJ. and DIMOND, Senior Justice.

## OPINION

BURKE, Justice.

This is a sentence appeal. In late November, 1978, Lannie Neal and two other men robbed a bank in Anchorage. Neal carried a sawed-off twelve gauge shotgun into the bank and stood in the lobby while his companions took cash from the tellers. The three left the bank and headed for their getaway car, parked just outside.

An off-duty police officer, out of uniform, happened to be standing by the car; Neal pointed his shotgun at the officer and ordered him to lie down, which he did. As the three drove off, the officer pulled out a gun and fired six shots at the escaping vehicle. Neal, from his position in the back seat, fired three shots from the shotgun, and the officer was hit in the hand with a single pellet of birdshot.

Neal and the others were apprehended the next day in Kenai. He pled guilty to a federal bank robbery charge [1] and was sentenced by a federal judge to serve twelve years in a federal prison. Neal also pled guilty in state court to a charge of assault with a dangerous weapon.[2] The superior court imposed a six year sentence to be served consecutively to his twelve year federal term. He appeals his state sentence.

Neal's first argument is that a consecutive sentence should not have been given. He claims that the court did not take into account that the federal sentence was enhanced because of the use of the firearm. Neal adds that the court failed to find that a consecutive sentence was necessary in order to protect the public. *See Cleary v. State*, 548 P.2d 952, 956 (Alaska 1976); ABA Standards Relating to Sentencing Alternatives and Procedures, § 3.4(b)(iv) (Approved Draft 1968).

Neal also claims that the overall length of the sentence is excessive, since Neal's prior crimes were nonviolent, and this particular assault was not the worst imaginable. According to Neal, the court "gave little, if any, consideration to his rehabilitation . . . but rather . . . focused almost exclusively on punishing the defendant, putting him in pain . . . and warehousing him." Given these factors, he says, the overall term of eighteen years is excessive.

The state responds that the use of a consecutive term is appropriate because Neal's assault was separate from and subsequent to the bank robbery. *See Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977). With respect to the length of the sentence, the state observes that Neal's combined sentence does not exceed the maximum term to which he was liable under the federal statute. It adds that the overall length of the combined sentences should not be taken into consideration, since only the six year term is on appeal in this case. *See Preston v. State*, 583 P.2d 787, 788 (Alaska 1978).

### A. *Was imposition of a consecutive sentence erroneous?*

We have previously left the decision whether or not to impose consecutive sentences largely to the sentencing court's discretion, absent double jeopardy problems.[3] We have, however, recognized that a consecutive sentence may be particularly appropriate where concurrent sentencing would impose no separate sanction in circumstances where a distinct penalty is

---

1. *See* 18 U.S.C. § 2113(a), (d).

2. *See* former AS 11.15.220.

3. In *Cleary v. State*, 548 P.2d 952, 956, we referred to, but did not adopt, ABA Standards Relating to Sentencing Alternatives and Procedures § 3.4(b)(iv) (Approved Draft 1968), which states:

 Imposition of a consecutive sentence should require the affirmative action of the sentencing court. The court should be authorized to impose a consecutive sentence only after a finding that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.

The judge in this case did not make a specific finding on this issue, but he clearly considered that such a situation existed.

In *Mutschler v. State*, we decided that this test would not be adopted where the combined sentence does not exceed the maximum on a single count. 570 P.2d at 381.

called for. Thus we have approved consecutive sentences in cases where a crime was committed by one on probation or parole, or where the second crime was an escape.[4] In the case at bar, given the separate nature of the two offenses, we are unable to say that the court abused its discretion in imposing a consecutive sentence.[5]

B. *Did the overall sentence unjustifiably exceed the maximum for a single count?*

 Under Alaska law as it existed at the time of sentencing, robbery was subject to a maximum fifteen year term for the first offense; the maximum for assault with a dangerous weapon was ten years.[6] Thus, Neal's overall sentence exceeds the maximum to which he could have been sentenced for his single most serious offense under state law.[7] Our past decisions imply that where consecutive sentences for two or more counts exceed the maximum sentence for any single count, the sentencing judge should make a formal finding that confinement for the combined term is necessary to protect the public. *See Mutschler v. State,* 560 P.2d at 381; *Mills v. State,* 592 P.2d 1247, 1248 (Alaska 1979); *see also* ABA Standards Relating to Sentencing Alternatives and Procedures § 3.4(b)(iv). The trial judge failed to make such a finding in the case at bar. Nevertheless, we are not convinced that this error requires reversal.

The record contains ample evidence that Neal presents a risk of continued criminal conduct which would seriously threaten the public safety. Neal was twenty-nine years of age at the time of sentencing. He has been a heroin addict for ten years and has compiled a lengthy criminal record, including numerous felony and misdemeanor drug offenses and several property offenses. Extensive drug rehabilitation efforts have been a failure. With complete foresight he helped to plan, organize, and carry out a highly dangerous and extremely serious crime. It is clear that Neal presents a threat of criminal conduct which would seriously threaten the public safety. Given his repeated rehabilitative failures and his conduct on this occasion, the threat is substantial.

C. *Is the sentence excessive?*

 In determining whether the sentence is excessive, we reject the state's contention that we should consider only the six year term. In *Preston v. State,* 583 P.2d 787, 788 (Alaska 1978), we indicated that we would not assess the combined length of two separately imposed consecutive sentences. In that case, however, we noted that the other sentence had been separately appealed to this court, and we indicated that we would "carefully scrutinize" the other sentence when it came before us. Here the sentence imposed by the federal court is not subject to our review power. We conclude, therefore, that it is appropriate to consider the overall length of the combined sentences in this appeal.[8]

---

4. *See, e. g. Putnam v. State,* 600 P.2d 1096, 1097 (Alaska 1979) (15 year robbery term consecutive to expiration of imposed term on parolee); *One v. State,* 592 P.2d 1193, 1194–96 (Alaska 1979) (escape); *Daniels v. State,* 584 P.2d 47, 49 (Alaska 1978) (two years for heroin possession, consecutive, for probationer); *Morgan v. State,* 582 P.2d 1030, 1032–34 (Alaska 1978) (escape); *Downey v. State,* 570 P.2d 481, 481–82 (Alaska 1977) (escape). *Cf. Marrone v. State,* 458 P.2d 736, 740–41 (Alaska 1969), *cert. denied,* 397 U.S. 967, 90 S.Ct. 1005, 25 L.Ed.2d 260 (1970).

5. In this connection, we note that the sentencing judge was aware of and considered Neal's claim that the assault had been a factor in the federal judge's sentencing decision.

6. *See* former AS 11.15.220, .240, .295.

7. Where, as here, the consecutive term is to be added to a sentence imposed by a court of another jurisdiction, the combined sentences should not exceed any limitations which would be in effect had both sentences been imposed under Alaska law. *See* ABA Standards Relating to Sentencing Alternatives and Procedures § 3.5(b)(i).

8. This reflects the manner in which we have generally assessed consecutive sentences on previous occasions. *See, e. g., Jacinth v. State,* 593 P.2d 263, 266–67 (Alaska 1979); *Winslow v. State,* 587 P.2d 738, 739 (Alaska 1978); *Salazar v. State,* 562 P.2d 694, 696–97 (Alaska 1977).

In view of the nature of the offense, the character of the offender, and the need for protecting the public, we cannot say that in imposing a sentence resulting in an overall term of eighteen years the court was clearly mistaken.[9] *See McClain v. State*, 519 P.2d 811 (Alaska 1974). We do note, however, that in sentencing Neal, the superior court considered the likelihood of his being paroled on the federal charge:

> I[f] he's sentenced under the [NARA] statute, he's looking at 3½ years to 4 years before parole eligibility on the federal sentence. If he's sentenced under the adult statute without the [NARA] overtone, its 5, perhaps 6 years ... And whereas I don't view it as gospel, I view it in my own experience[,] which stretches back some several years now in criminal matters[,] as a reasonable estimate of when parole eligibility might attach on that federal sentence. And I bear that in mind as I impose the consecutive term.

In *Jackson v. State*, 616 P.2d 23 (Alaska 1980), we held that it is improper to fashion a sentence on the assumption that the offender will be paroled on a particular date, stating:

> We do not suggest that parole considerations are irrelevant in fashioning a sentence. However, the assumption that an offender will be paroled on a particular date is, at best, speculative. If a sentence were adjusted to reflect such an assumption, but the offender not released as "scheduled," the full service of a clearly excessive sentence might result.
>
> We believe the correct approach is for the sentencing judge to impose an appropriate term of incarceration, considering the *Chaney* [*State v. Chaney*, 477 P.2d 441 (Alaska 1970)] criteria, on the assumption that the entire term may be served. The court may then, in its discretion, designate a parole eligibility period greater than the statutory minimum, and should articulate on the record its reasons for doing so.
>
> Since we cannot determine whether the same sentence would have been imposed under this approach, we remand for resentencing.

616 P.2d at 24–25 (footnotes omitted).[10] This error compels us to remand for resentencing.

AFFIRMED in part, but REMANDED for resentencing under our holding in *Jackson v. State, supra.*

---

9. This was Neal's sixth felony conviction, including the federal conviction. Under current law, Neal's presumptive term for a Class A felony conviction was 15 years. *See* AS 12.55.-125(c)(3). The sentence could be increased up to 20 years based on the presence of various aggravating factors. *See* AS 12.55.155(c)(1), (4), (7), (12), (13). It is arguable that Neal's

assault was only an assault in the second degree under the current law, a Class B felony, but the robbery was a Class A felony. *See* AS 11.41.200– .210, .500.

10. Following our decision in *Jackson*, Neal filed a supplemental brief, arguing that the holding in that case entitles him to be resentenced.