**Rodney S. McCOMBS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2306.**

Court of Appeals of Alaska.

May 20, 1988.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Renee Erb and Elizabeth H. Sheley, Asst. Dist. Attys., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Rodney S. McCombs was convicted, based upon his plea of no contest, of two counts of misconduct involving a controlled substance in the third degree, a class B felony. AS 11.71.030(a)(1). McCombs had formerly been convicted of a felony which qualified as a prior felony conviction under AS 12.55.145. He was therefore subject to sentencing as a second felony offender. A second felony offender convicted of a class B felony is subject to a presumptive sentence of four years. AS 12.55.125(d). Superior Court Judge Peter A. Michalski imposed a composite sentence of eight years with four years suspended on the two counts. Judge Michalski ordered this sentence to be consecutive to a federal sentence of eight years' imprisonment which McCombs is serving for a separate but contemporaneous cocaine offense. Thus, McCombs' sentences on both his state and federal charges total sixteen years with four years suspended. McCombs appeals, arguing that his sentence is excessive. We conclude that McCombs sentence should not have exceeded a total of eight years' imprisonment on both his federal and state offenses. Accordingly, we reverse.

McCombs was thirty-two years of age at the time of sentencing. In 1974, he was convicted of a felony under Oregon law for an offense which arose from a marijuana party which McCombs gave in his home. Police seized two pounds of marijuana. McCombs was placed on probation for three years as a result of this offense. In 1975, also in Oregon, McCombs was convicted of a felony for possession of cocaine. His previous probation was revoked, and he was sentenced to four years' imprisonment. He served sixteen months in an Oregon institution. McCombs was apparently a model inmate in prison and was paroled. He was satisfactorily discharged from his probation in 1979.

In October 1986, in Alaska, McCombs made two sales of cocaine. These sales, each consisting of one-eighth ounce, were for $320 and $300 respectively, and they constituted the state offenses for which McCombs was sentenced. On January 9, 1987, McCombs sold one pound of cocaine for $23,000. This transaction resulted in a federal conviction and sentence. McCombs was sentenced to eight years' imprisonment with six years of probation on the federal charge.

In opposing McCombs' sentence appeal, the state emphasizes McComb's record of cocaine offenses and points to a legislative preference for consecutive sentences. AS 12.55.025(e) and (g); *see also State v. Andrews*, 707 P.2d 900, 908–10 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986). The state appears to argue that

we should look at the state sentences in isolation, thus ignoring the fact that the state sentences are consecutive to the federal sentence. It seems clear to us, however, that we should consider both the state and the federal sentences in reviewing McCombs' sentence. First, strictly as a legal proposition, the Alaska Supreme Court has formerly indicated that when a state sentence is imposed consecutively to a federal sentence, it is appropriate for the reviewing court to consider the overall length of the combined sentences in deciding whether the state sentence is excessive. *Neal v. State,* 628 P.2d 19, 21 (Alaska 1981). Second, as a matter of common sense, it appears that it would be unfair to consider only McCombs' state sentence in determining whether his sentence was excessive. Basically, we believe that McCombs' offenses, both state and federal, must be looked at in context. McCombs should not be disadvantaged in the Alaska courts because he was prosecuted by both state and federal authorities.

■ McCombs' current drug convictions, state and federal, tend to show his involvement in commercial drug sales. As we stated in *Stuart v. State,* 698 P.2d 1218, 1224 (Alaska App.1985) (footnote omitted), "In context, multiple charges serve only to validate the conclusion that the person making the sales is involved in the commercial distribution of cocaine and to establish the scope of the illegal enterprise." The facts of the federal offense show that McCombs was both willing and able to deal in "large quantities" of cocaine as we have defined that term. *Lausterer v. State,* 693 P.2d 887, 891 (Alaska App.1985) (it is ordinarily appropriate to regard eight ounces or more of cocaine as indicative of commercial activity at the wholesale level). Although there is a statutory legislative preference for consecutive sentences, the legislative preference for consecutive sentences does not require McCombs to be sentenced to a greater sentence than similarly situated offenders. Thus, in spite of AS 12.55.-025(e) and (g), it seems clear that the overall legislative mandate is to provide more uniform and predictable sentences. *Juneby v. State,* 641 P.2d 823, 829–30 (Alaska App.1982), *modified on other grounds,* 665 P.2d 30 (Alaska App.1983).

■ McCombs' criminal conduct is generally similar to that described in cases such as *Rivas v. State,* 706 P.2d 1202 (Alaska App.1985); *Marin v. State,* 699 P.2d 886 (Alaska App.1985); *Stuart,* 698 P.2d at 1220–21; and *Lausterer,* 693 P.2d at 889. In these cases, we approved sentences not to exceed six years with two years suspended for offenders engaging in commercial activity in cocaine at the wholesale level. These former cases, however, involved first offenders. McCombs has two prior drug-related felony convictions, one of which qualified as a prior felony for purposes of presumptive sentencing, and he has previously served over sixteen months in prison. McCombs' prior record must be taken into account. In *Rivas, Marin, Stuart,* and *Lausterer,* we recognized the substantial nature of the offenses and approved sentences which were potentially greater than the four-year presumptive sentence for a second felony offender. Even if McCombs were a third felony offender convicted of a class B felony, however, he would only be subject to a presumptive sentence of six years. We recognize, however, that McCombs sentencing would be subject to aggravating factors if we considered his federal charges. *See, e.g.,* AS 12.55.155(c)(25) (offense involved large quantity of controlled substance).

McCombs is a second felony offender for purposes of presumptive sentencing. A sentence of eight years is twice the presumptive sentence for a second felony offender. Therefore, we conclude that McCombs should not have been sentenced to more than eight years' imprisonment had all his offenses been state offenses. Moreover, we see no reason why McCombs should receive a total of more than eight years' imprisonment merely because one of

his offenses was prosecuted as a federal offense. In reaching this conclusion, we note specifically that Judge Michalski did not find McCombs to be an offender who was incapable of rehabilitation and whose isolation for a term in excess of eight years was necessary to protect the public. In fact, the sentencing comments indicate that Judge Michalski believed McCombs was amenable to rehabilitation. Accordingly, we find that Judge Michalski was clearly mistaken in imposing the state sentences consecutively to McCombs' eight-year federal term. We conclude that the state sentences should have been imposed concurrently to the federal sentence.[1]

The sentence is VACATED and the case is REMANDED for resentencing consistent with this opinion.

SINGLETON, J., concurs and dissents.

SINGLETON, Judge, concurring and dissenting.

McCombs was convicted in federal court of sale of a substantial quantity of cocaine and received an eight-year sentence. He was also sentenced in state court for two separate sales of lesser amounts of cocaine and received two consecutive four-year sentences with the second four-year sentence suspended. The difficulty in this case is that the state-imposed eight-year sentence was made consecutive to McCombs' federal sentence; therefore, he faces a total sentence of sixteen years with four years suspended. The majority assumes that the total sentence, including both state and federal increments, must be evaluated under Alaska sentencing criteria, as if the total

sentence were imposed in an Alaska court. *See Neal v. State*, 628 P.2d 19, 21 n. 7 (Alaska 1981) ("[w]here, as here, the consecutive term is to be added to a sentence imposed by a court of another jurisdiction, the combined sentences should not exceed any limitations which would be in effect had both sentences been imposed under Alaska law"). The majority's assumption seems to be a correct reading of *Neal.*

Under Alaska law, McCombs' most serious offense was a class B felony with a maximum ten-year penalty. Presumptive terms were, respectively, four years for a second felony offender, and six years for a third felony offender. McCombs, with the apparent consent of the state, was treated as a second felony offender subject to a four-year presumptive term. If we look at each offense separately, the court's power to increase the sentence was contingent upon a finding of aggravating factors or extraordinary circumstances. *See McManners v. State*, 650 P.2d 414, 416 (Alaska App.1982). The trial court made no such finding: In this case, McCombs was convicted of two separate offenses and was subject to consecutive sentences. Nevertheless, we have stated that the trial court's power to impose consecutive sentences does not permit a total sentence in excess of the presumptive sentence for the most serious offense in the absence of compelling need. *Farmer v. State*, 746 P.2d 1300 (Alaska App.1987). Compelling need must, of course, be determined in light of the criteria set out in *State v. Chaney*, 477 P.2d 441, 447 (Alaska 1970) (rehabilitation, deterrence of self and others, affirmation of community norms, and isolation).

In determining whether a sentence composed of consecutive increments in excess

---

**1.** Judge Michalski ordered McCombs to pay restitution for the money which McCombs received from undercover agents in connection with the state charges. The state represented that the money spent by state agents totalled $650. The written judgment, however, provides for McCombs to forfeit his 1987 Permanent Fund Dividend check and does not indicate that the total amount of restitution should not exceed

$650. The 1987 Permanent Fund Dividend exceeds $650. The state agrees that the judgment should be amended to limit the amount of restitution to $650. The state's concession is well-founded. *Marks v. State*, 496 P.2d 66 (Alaska 1972). We therefore order the written judgment to reflect that McCombs is to pay restitution limited to $650.

of the presumptive term for the most serious offense is warranted, the court should be governed by the principle of parsimony. *See, e.g., Pears v. State,* 698 P.2d 1198, 1204–06 (Alaska 1985) (court should impose the least severe sentence capable of satisfying the *Chaney* criteria). Sentences in the ten- to fifteen-year range must be reserved for the most serious offenders committing the most serious offenses. *See, e.g., Mosier v. State,* 747 P.2d 548 (Alaska App.1987); *Covington v. State,* 747 P.2d 550 (Alaska App.1987); *Pruett v. State,* 742 P.2d 257, 264 (Alaska App.1987). Furthermore, those convicted of nonviolent offenses should receive more favorable sentences than those convicted of crimes against persons. *Leuch v. State,* 633 P.2d 1006, 1013 (Alaska 1981). When we examine McCombs' background and conduct in light of the sentences typically imposed for sale of cocaine, it is clear that a sentence of sixteen years with four years suspended is too severe. *See, e.g., Smith v. State,* 745 P.2d 1375, 1377–79 (Alaska App.1987) (summarizing cases reviewing sentences for cocaine sale and possession). I therefore agree that McCombs' sentence must be reduced.

I cannot agree, however, with the majority's conclusion that any sentence imposed by the Alaska court must be concurrent with, and involve no more incarceration than, the federal sentence. A number of factors lead me to this conclusion. First, the supreme court has indicated that our sentence review power is limited to determining whether the sentence imposed by the superior court is clearly mistaken. A

sentence is clearly mistaken if it is outside an appropriate range of sentences for the offender and the offense. *See, e.g., McClain v. State,* 519 P.2d 811, 813 (Alaska 1974). The primary responsibility for structuring a sentence rests on the trial court. *State v. Graybill,* 695 P.2d 725, 729 (Alaska 1985). Under the majority's analysis of the facts, the trial court really had no discretion to impose any sentence inasmuch as the federal court had already imposed the maximum sentence that, in the majority's view, could be imposed upon McCombs for commercial dealing in cocaine. The supreme court has suggested, however, that when a person is convicted in both state and federal courts, but sentenced first in the federal court, a part of the state's sentence should be consecutive to the federal sentence. *See, e.g., State v. Wortham,* 537 P.2d 1117, 1121 (Alaska 1975).

Considering that McCombs has twice previously been convicted of a felony, has served over sixteen months' incarceration for cocaine-related offenses, and was engaged in a retail cocaine business at the time of this offense, it appears to me that the superior court would not have been clearly mistaken in imposing up to two years of additional jail time upon McCombs consecutive to his federal sentence. A total sentence, including consecutive increments, of ten years to serve, plus additional suspended time to ensure McCombs' rehabilitation and deterrence when he is free from prison, would not appear to me to have been clearly mistaken.[1]

---

1. McCombs' criminal conduct is generally similar to that described in *Rivas v. State,* 706 P.2d 1202 (Alaska App.1985). In such cases we have approved sentences not to exceed six years with two years suspended for first offenders. *Id.* at 1204–06. *See also Stuart v. State,* 698 P.2d 1218 (Alaska App.1985); *Lausterer v. State,* 693 P.2d 887 (Alaska App.1985). McCombs, however, differs from the offenders in these cases in one significant respect. He has two prior drug-related felony convictions, one of which qualified as a prior felony for purposes of presumptive sentencing, and he served over sixteen months' imprisonment. Were it not for the fact that he served his term more than five years ago, he

would qualify as a "dangerous offender" under the ABA standards. *See, e.g., Sundberg v. State,* 652 P.2d 113, 116 (Alaska App.1982); *Viveros v. State,* 633 P.2d 289, 291 (Alaska App.1981). *See also Graybill,* 695 P.2d at 729–31 (generally equating dangerousness with repeated criminality rather than violence).

This conclusion is undermined by the amount of time that has elapsed since McCombs was previously convicted and served his sentence. Nevertheless, even remote convictions may be significant if they involved similar crimes. *See, e.g., Maal v. State,* 670 P.2d 708, 711 (Alaska App.1983). McCombs' convictions all involve related conduct.

I would vacate the sentence imposed and remand for imposition of a total sentence, including consecutive increments, that when joined to the federal sentence would not exceed ten years plus suspended time.[2]

**2.** The conclusion that McCombs is a second felony offender rather than a third felony offender is problematic. The facts are set out in the majority opinion. Possession of marijuana was a felony in Alaska in 1974 when McCombs was convicted. *See* former AS 17.12.010 (precluding, *inter alia,* possession of "depressant, hallucinogenic, or stimulant drugs") and former AS 17.12.150 (defining "depressant, hallucinogenic, or stimulant drugs" to include all parts of the plant *cannabis sativa L* (marijuana)). It may be that the parties concluded that *Ravin v. State,* 537 P.2d 494 (Alaska 1975) and *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), precluded relying on a felony conviction for possession of marijuana in another state as a prior felony even though it would have been a felony at the time in Alaska. In *Ravin,* the supreme court said that the legislature could not constitutionally prohibit private possession of small quantities of marijuana for personal use by adults in the home. 537 P.2d at 511. In *Tucker,* the United States Supreme Court held that where a defendant, who had been denied his constitutional right to counsel in connection with a prior conviction, could not have that conviction used to enhance a subsequent sentence. Reliance on *Ravin* and *Tucker,* which in my opinion are clearly distinguishable, is problematic in this case. The parties, however, have not argued the issue, and it is clear that the majority, in determining that an eight-year sentence is the maximum that McCombs could receive, does not consider his status as a second or third felony offender particularly important. Consequently, I will not further address the issue.