**Hilton MILLER, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, Appellee.**

No. S–2444.

Supreme Court of Alaska.

Sept. 9, 1988.

Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellant.

Elizabeth Page Kennedy, Asst. Atty. Gen., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

This appeal is from a civil driver's license revocation proceeding that followed a criminal case in which the defendant pleaded no contest to the charge of driving while intoxicated (DWI). The question for us is whether a ruling against the defendant in a suppression hearing in the criminal case has collateral estoppel effect in the subsequent civil proceeding.

### I.

In criminal proceedings for DWI, Hilton Miller, the defendant, moved the court to suppress the State's evidence on the ground that the police officer's stop of Miller's vehicle was illegal. After a hearing, the magistrate ruled that the stop was valid. The State and Miller entered into the following plea agreement: Miller would enter a plea of no contest to the DWI charges, and the State would treat Miller as a first offender for purposes of sentencing. Miller also agreed not to appeal the magistrate's earlier ruling that the stop was valid. The court accepted Miller's plea.

Later, in the administrative license revocation proceeding arising out of the same incident, Miller contested the legality of the stop. After a hearing on this issue, the hearing officer ruled that the stop was valid.

Miller appealed the administrative decision to the superior court. On appeal, Judge Cranston declined to address the validity of the stop, holding that the unappealed ruling in the earlier criminal suppression hearing had collateral estoppel ef-

fect. The superior court affirmed the administrative decision.

Miller appeals the superior court's holding on the issue of collateral estoppel.

## II.

The requirements for collateral estoppel are as follows:

> (1) the issue decided in a prior adjudication was precisely the same as that presented in the action in question; (2) the prior litigation must have resulted in a final judgment on the merits; and (3) there must be "mutuality" of parties, *i.e.*, collateral estoppel may be invoked only by those who were parties or privies to the action in which the judgment was rendered.

*Briggs v. State, Dep't of Pub. Safety*, 732 P.2d 1078, 1081 (Alaska 1987). Miller argues that the second of the three *Briggs* requirements is not satisfied in this case.[1] We agree.

In *Briggs*, we elaborated on the finality requirement:

> For purposes of issue preclusion, "final judgment" includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (1982). Factors supporting a conclusion that a decision is final for this purpose are "that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal." Restatement (Second) of Judgments § 13 comment g (1982).

732 P.2d at 1082 (citation omitted).

Only three months earlier, we held that when a criminal defendant decides not to testify at a suppression hearing and the suppression issue is decided against the defendant, that decision has no collateral estoppel effect in a subsequent civil proceeding. *Coney v. Municipality of Anchorage*, 725 P.2d 709, 712 (Alaska 1986). We stated that "[t]he conflicting motivations inherent in that decision [not to testify] may prevent the defendant from fully litigating at the suppression hearing." *Id.*

■ In the criminal proceedings, Miller did not testify at the suppression hearing on the stop issue. This situation falls squarely within our holding in *Coney*. Therefore, the suppression ruling should have had no collateral estoppel effect against the defendant. The hearing officer was correct to examine the stop issue *de novo*, and the superior court incorrectly invoked collateral estoppel in refusing to review this aspect of the hearing officer's decision.

## III.

Nevertheless, we will affirm the superior court on the alternative ground that the hearing officer was justified in ruling the police officer's stop of Miller's car was legal.[2]

We have held that police officers have "the right and the duty to make a prompt investigation which require[s] them as a matter of practical necessity to stop the car and question" occupants, in "cases where the police officer has a reasonable suspicion that imminent public danger exists or serious harm to persons or property has recently occurred...." *Coleman v. State*, 553 P.2d 40, 46 (Alaska 1976) (brackets and footnote omitted).

■ In this case, the officer making the stop was responding to a call that a person named Hilton Miller was making threats

---

1. We approach the issues independently when the superior court acted as an intermediate court of appeal. *Union Oil Co. of Cal. v. Department of Revenue*, 560 P.2d 21, 23 n. 5 (Alaska 1977).

2. Alaska Statute 28.15.166(m) sets forth the scope and standard of review that a superior court must use when reviewing an administrative driver's license revocation:

> The judicial review shall be on the record, without taking additional testimony. The court may reverse the department's determination if the court finds that the department misinterpreted the law, acted in an arbitrary and capricious manner, or made a determination unsupported by the evidence in the record.

We use the same standard, since we conduct independent review.

either against others or himself, and had driven away in a Jeep Wagoneer. We believe an officer can reasonably regard Miller's threats as posing imminent public danger. En route to the scene, the officer passed a Jeep Wagoneer proceeding the other way. The officer passed the Wagoneer only one and a half miles from the reported scene of the incident and after only a brief time had elapsed since the officer heard that Miller was driving away in a Wagoneer. Based on these facts, we conclude the officer's suspicion was reasonable. We hold that the hearing officer was justified in concluding that the officer was warranted in stopping the vehicle.

AFFIRMED.