Howard J. WILLIAMSON, Appellant,

v.

STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, Appellee.

No. S–2914.

Supreme Court of Alaska.

Oct. 6, 1989.

William D. Cook, Anchorage, for appellant.

Teresa Williams, Asst. Atty. Gen., Anchorage, Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

---

**8.** We have examined the other arguments raised on appeal and conclude that they are without merit.

OPINION

COMPTON, Justice.

This appeal presents the question whether the Division of Motor Vehicles (DMV) erred in imposing two ten-year driver's license revocation periods consecutively rather than concurrently. We affirm the decision to impose consecutive periods of revocation.

## I

On March 30, 1985, Howard Williamson was arrested for driving while intoxicated (DWI) and refused to submit to a chemical test of his breath. He was charged with DWI, Anchorage Municipal Code (AMC) 09.28.020, and refusal to submit, AMC 09.-28.022. He was also given a notice of revocation of his driver's license. Williamson pleaded not guilty to the criminal charges and requested an administrative hearing.

On June 13, 1985, Williamson was arrested again. He submitted to a breath test which produced a result exceeding .10 gram per 210 liters of breath. He was charged with DWI, AMC 09.28.020. He pleaded not guilty. Williamson was given a second notice of license revocation and requested an administrative hearing.

The criminal cases were consolidated. On September 11, Williamson entered a plea of nolo contendere to the two DWI charges. The municipal prosecutor dismissed the March 1985 refusal charge.

Because Williamson had been convicted of DWI in 1978 and 1982, each 1985 conviction was treated as a third conviction for sentencing purposes. District Court Judge David C. Stewart revoked Williamson's driver's license for ten years for each conviction and ordered the revocations to run concurrently, from 1985 to 1995.[1]

The administrative revocation hearing took place on September 24. The hearing officer concluded that he lacked discretion to impose concurrent revocations and or-

dered the revocations to run consecutively, from 1985 until 2005.

Williamson appealed. Superior Court Judge James C. Hornaday ruled that the hearing officer had discretion whether to impose the revocations concurrently or consecutively and remanded the case for reconsideration. On remand, the hearing officer exercised his discretion and imposed consecutive periods of revocation. On appeal, Judge Hornaday affirmed, and this appeal followed.

## II

A driver has a right to administrative review of a summary notice of revocation, limited to the questions whether (1) the arresting officer had reasonable grounds to believe that the person was driving while intoxicated, and (2) the person refused to submit to a chemical test, or (3) a chemical test indicated a breath alcohol concentration of .10 gram per 210 liters or higher. AS 28.15.166(a), (g). A person aggrieved by the final determination of the DMV hearing officer may seek judicial review in superior court. AS 28.15.166(m). The superior court may reverse the decision of the hearing officer if the department misinterpreted the law, acted arbitrarily, or made a finding unsupported by substantial evidence in the record. *Id.* We apply the same scope and standard of review because we independently review the decision of the hearing officer. *Miller v. State, Dep't of Pub. Safety*, 761 P.2d 117, 118 n. 2 (Alaska 1988).

## III

DMV must revoke a driver's license if a person refuses to take a chemical test or submits to the test and has a breath alcohol concentration of .10 gram per 210 liters or higher. AS 28.15.165(c), 28.35.030(a). The period of revocation shall be for the "appropriate minimum period for court revocations under AS 28.15.181(c)." AS 28.15.-165(d). If a court convicts a person of driving while intoxicated or refusal to take

---

1. Williamson also received 90 days with 50 days suspended on each count, fines totalling $2,000, and was ordered to pay restitution.

a chemical test, and the person has two or more convictions within the preceding ten years, the revocation period is at least ten years. AS 28.15.181(c)(3)(A).

The question whether to impose consecutive or concurrent sentences is ordinarily within the discretion of the sentencing body. *Neal v. State*, 628 P.2d 19, 20 (Alaska 1981). "[A] consecutive sentence may be particularly appropriate where concurrent sentencing would impose no separate sanction in circumstances where a distinct penalty is called for." *Id.* at 20–21. Crucial factors are the nature of the offense, the character of the offender, and the need to protect the public. *Id.* at 22.

We conclude that the imposition of consecutive periods of revocation was justified in this case. Williamson's ever-lengthening record of driving offenses demonstrates both the extent of the danger to the public as well as his apparent inability to conform his conduct to the law.

AFFIRMED.