**Kevin WHEELER, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–4825.

Court of Appeals of Alaska.

Nov. 26, 1993.

Gordon G. Goodman, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellant.

Shannon D. Hanley, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

COATS, Judge.

Kevin M. Wheeler was convicted, based upon his plea of nolo contendere, of assault

---

in the second degree, a class B felony, assault in the fourth degree, a class A misdemeanor, and harming a police dog in the second degree, a class A misdemeanor. AS 11.41.210(a)(1), AS 11.41.230(a)(3), and AS 11.56.710(a). Superior Court Judge Charles K. Cranston sentenced Wheeler to the maximum on each charge and imposed these sentences consecutively. Wheeler, therefore, faces a composite sentence of twelve years imprisonment. Wheeler appeals his sentence. We affirm.

On April 6, 1992 Wheeler was an inmate at the Spring Creek Correctional Center where he was serving a composite sentence of ten years for assault in the second degree and a probation revocation. On the foregoing date, correctional officers repeatedly instructed Wheeler to return to his cell following his recreational period. Wheeler refused. Wheeler barricaded himself on the upper level of a room and tied off the doors with pieces of cloth. He obtained a fifty-two inch steel bar from a weight lifting apparatus and threatened correctional officers. Wheeler used the metal bar to shatter windows in the area. Correctional officers gave Wheeler numerous opportunities to return to his cell.

Ultimately, six correctional officers and a guard dog responded to subdue Wheeler. Wheeler swung the metal bar several times as the officers approached. One of the blows fractured the arm of a correctional officer. Wheeler also struck the guard dog on the head and knocked the dog unconscious. According to correctional officers, Wheeler swung the steel bar at their heads and they believed that Wheeler was attempting to kill or seriously injure them. The correctional officers were eventually able to force Wheeler to the floor, disarm him, and return him to his cell. The officer whose arm was fractured subsequently underwent three separate corrective surgeries. Even so, the officer's use of his arm will probably be permanently impaired.

Wheeler was twenty-four years old at the time of sentencing. Wheeler had an extensive juvenile record resulting in an adjudication of delinquency and placement in various juvenile institutions. Additional-

ly, in November 1989, Wheeler was convicted of two counts of assault in the third degree and was sentenced to two years with one year suspended. In the incident supporting this conviction, Wheeler, without provocation, drove his car toward two juveniles who were jogging along the roadway. Wheeler narrowly missed striking the juveniles with his car only because they, at the last moment, dove into a ditch at the side of the roadway. On March 12, 1990, Wheeler was released from prison on the foregoing assault conviction.

On March 16, 1990, within four days of being released, and while on parole or probation, Wheeler was involved in an attack which led to a conviction for assault in the second degree. Again, the attack was unprovoked. Wheeler and an accomplice broke into the residence of a woman and her boyfriend and began beating them with baseball bats. The boyfriend managed to obtain a knife and stabbed Wheeler's accomplice, killing him. Wheeler fled but was later apprehended. The woman Wheeler assaulted contended that Wheeler attempted to kill her by severely beating her with a baseball bat. The woman also suggested that her former husband may have hired Wheeler to kill her and her boyfriend. Wheeler was ultimately sentenced to ten years imprisonment for assault in the second degree and a probation revocation. Wheeler was serving this sentence at the time he committed the assaults in the instant case.

As a third felony offender convicted of a class B felony, Wheeler faced a presumptive sentence of six years. AS 12.55.-125(d)(2). Judge Cranston found five aggravating factors present in Wheeler's offense: (1) Wheeler had committed the assaults using a dangerous instrument; (2) he created a risk of physical injury to three or more persons; (3) he had a prior history of assaultive behavior; (4) he knowingly directed his conduct at correctional officers; and (5) Wheeler had been adjudicated as a juvenile for offenses that would have been a felony had he been an adult. AS 12.55.155(c)(4), (6), (8), (13), (19). Judge Cranston also found that Wheeler's offense

was among the most serious conduct included in the definition of the offense, that Wheeler had instigated and encouraged the confrontation with correctional officers, and that the incident was extremely serious. Judge Cranston reasoned that the foregoing factors, coupled with Wheeler's past history of assaultive behavior, demonstrated that Wheeler was a serious threat to society and a worst possible offender. Judge Cranston concluded that he should impose maximum consecutive sentences.

Wheeler points out that his overall sentence exceeds the maximum sentence permitted for his single most serious offense. Wheeler argues that a court may only sentence an offender to imprisonment for a term greater than the maximum sentence for the offender's most serious offense if the sentencing judge makes a finding that the sentence is necessary to protect the public. *Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977); *DeGross v. State*, 816 P.2d 212, 216 (Alaska App.1991). We believe, however, that Judge Cranston's find-

ings in this case are sufficient to justify the sentence which he imposed. *See Neal v. State*, 628 P.2d 19, 21 (Alaska 1981) (appellate court may infer a *Mutschler* finding from the record when the record clearly establishes the court's reasons for imposing the sentence). Judge Cranston could properly conclude that this was an extremely serious offense involving premeditation and extreme violence toward correctional officers. This serious incident, combined with Wheeler's history of serious criminal assaults justifies the sentence which Judge Cranston imposed. We conclude that the sentence is not clearly mistaken.

The sentence is AFFIRMED.